# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melvin D Richardson, | No. CV-16-01663-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Day & Zimmerman Incorporated, | |
| Defendant. | |

Plaintiff Melvin Richardson accuses his former employer, Defendant Day & Zimmerman Incorporated ("DZ"), of terminating him because of his race.[1] On October 30, 2017, the Court granted summary judgment for DZ on all claims. (Doc. 56.) The Court based its decision on two independent bases. First, it concluded that Richardson could not establish a prima facie case of racial discrimination because he had not identified similarly situated employees who were treated more favorably than him. (*Id.* at 6-9.) Second, the Court determined that, even if Richardson could establish a prima facie case of racial discrimination, DZ had offered a legitimate, non-discriminatory reason for its actions, which Richardson had failed to rebut with specific and substantial evidence. (*Id.* at 9.) Richardson now seeks reconsideration of that order. (Doc. 58.) For the following reasons, Richardson's motion for reconsideration is denied.

---

[1] DZ does not concede that it is Richardson's employer, but characterized itself as such for purposes of summary judgment only. (*See* Doc. 56 at 1 n.1.)

**I. Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

**II. Discussion**

Richardson argues that the Court manifestly erred by concluding that (1) Richardson's affidavit could not create a genuine issue of material fact because it contracted his earlier deposition testimony and (2) Richardson could not prove a prima facie case of racial discrimination because he had not identified similarly situated employees who were treated more favorably than him. Richardson has not shown that reconsideration is warranted for three reasons.

First, Richardson's argument concerning his post-discovery affidavit is based on his responses to DZ's requests for interrogatories, which Richardson contends are consistent with his affidavit. Richardson attaches his interrogatory responses as Exhibit A to his motion for reconsideration. (Doc. 58-1.) But Richardson fails to explain why these facts could not have been brought to the Court's attention earlier. Richardson could have used Exhibit A to support his opposition to DZ's motion for summary judgment, but

neglected to do so. The Court did not manifestly err by not considering evidence not before it.

Richardson also suggests that the Court erroneously refused to consider his affidavit because it was difficult to read. (Doc. 58 at 2.) His argument reflects a misreading of the Court's order. Although the Court noted that the manner in which Richardson's affidavit was presented made it difficult to read (Doc. 56 at 8 n.5), nowhere did the Court state it was rejecting the affidavit on that basis. Rather, the Court determined that the statements contained within the affidavit contradicted Richardson's earlier deposition testimony and, therefore, could not be used to create a genuine issue of material fact. (*Id.* at 8-9.) This conclusion was not manifestly erroneous. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").

Second, with respect to the sufficiency of his prima facie case, Richardson presents no new evidence or legal authority that could not have been brought to the Court's attention earlier. He merely rehashes arguments previously rejected by the Court. A motion for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351.

Lastly, Richardson's arguments for reconsideration pertain only to the portion of the Court's order finding that Richardson cannot establish a prima facie case of racial discrimination. Richardson raises no argument against the Court's independent and alternative conclusion that, even if Richardson could establish a prima facie case of racial discrimination, DZ had offered a legitimate, non-discriminatory reason for its actions, which Richardson had failed to rebut with specific and substantial evidence. Thus, even if the Court erroneously evaluated Richardson's prima facie case, such error was harmless.

### III. Conclusion

For these reasons, Richardson has not shown that reconsideration of the Court's

summary judgment order is warranted. As the Court explained in its prior order, though Richardson might disagree with the correctness or wisdom of DZ's disciplinary action, he has proffered no evidence that would permit a trier of fact to conclude that DZ terminated him or otherwise treated him adversely because of his race. Though Title VII and its Arizona state law counterpart proscribe racially-motivated employment actions, neither permit this Court to sit as a super-personnel department second-guessing the wisdom of an employer's disciplinary decisions or the sufficiently of its internal investigation procedures.

On a final note, DZ requests an award of attorneys' fees incurred in the preparation of its response to Richardson's motion. In the United States legal system, each party generally is responsible for paying its own attorneys' fees unless some specific authority permits those fees to be shifted. The Court denies DZ's request because it cites no source, statutory or otherwise, for such an entitlement. DZ is not entitled to fees simply because Richardson's arguments were unavailing.

**IT IS ORDERED** that Richardson's motion for reconsideration (Doc. 58) is **DENIED**.

Dated this 12th day of December, 2017.

Douglas L. Rayes
United States District Judge